NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0308-16T4

CALISTO BERTIN and BERTIN
ENGINEERING ASSOCIATES, INC.,

 Plaintiffs-Respondents,

v.

MANHAR PATEL, GREENTREE
DEVELOPERS, LLC, BZ CLEANERS
CORP, and SHIRIJI DEVELOPERS,
LLC,

 Defendants,

and

MANTRIB CORP,

 Defendant-Appellant.
_____________________________________________________________

 Submitted October 12, 2017 – Decided November 6, 2017

 Before Judges Alvarez and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-2464-13.

 Thomas D. Williamson, attorney for appellant.

 Law Offices of Jae Y. Lee, LLC, attorneys for
 respondent (Crew Schielke, on the brief).
PER CURIAM

 Defendant Mantrib Corporation appeals an August 12, 2016

order denying a Rule 4:50-1(f) motion to vacate a final judgment.

Because we conclude that the Law Division judge did not abuse his

discretion, we affirm.

 Plaintiffs provided architectural and/or engineering

services, as well as loaned money, to defendant Manhar Patel.

Patel is a half-owner of the corporate stock of Mantrib, as well

as its vice-president and secretary. Patel's brother, Tribhuvan1,

is the president of the corporation, and owns the remaining half

of the stock.

 It is unnecessary to detail the varied transactions that

resulted in the indebtedness, other than to note that it is

undisputed that Tribhuvan was unaware of them. Eventually, because

the sums due the plaintiffs went unpaid, plaintiffs filed a

complaint against Patel and all of his known corporate interests,

including Mantrib. Only Mantrib appeals the entry of summary

judgment in plaintiffs' favor. Only Tribhuvan, on behalf of the

corporation, is pursuing the appeal.

1
 We refer to him by his first name for the sake of clarity.

 2 A-0308-16T4
 The March 28, 2013 complaint triggered an answer filed by

Mantrib's first attorney, retained only by Patel2, on behalf of

all defendants, including Mantrib. Plaintiffs then moved on

February 14, 2014, to strike defendants' answer for failure to

comply with discovery demands. On March 3, 2014, plaintiffs were

awarded $126,375 in arbitration. See R. 4:21A. On March 19,

2014, the court entered an order striking defendants' answer for

failure to comply with discovery. Apparently unaware that the

answer was stricken, defendants demanded a trial de novo, which

request was denied on March 28, 2014, because the answer had been

suppressed. To further add to the confusion, on April 24, 2014,

the court sua sponte dismissed the complaint because plaintiffs

had not confirmed the arbitration award as required by the rules.

 Once they learned of the dismissal, plaintiffs on June 5,

2014, filed a motion seeking to reinstate the complaint and confirm

the arbitration award. Plaintiffs alleged that they were unaware

that defendants' demand for a trial de novo had been denied and

their answer suppressed, and that they therefore did not proceed

on the arbitration award as they assumed defendants' demand for a

trial de novo would be granted. Defendants opposed the motion to

reinstate the complaint and confirm the arbitration award. On

2
 We draw the inference from correspondence included in the
parties' appendices.

 3 A-0308-16T4
June 26, 2016, Judge Robert L. Polifroni reinstated the complaint,

but granted defendants thirty days in which to file a separate

motion to vacate suppression of the answer.

 On August 12, 2014, plaintiffs moved for summary judgment.

As a separate ground, plaintiffs argued that despite Judge

Polifroni's June order, defendants had not sought to vacate

suppression of the answer or taken other steps to address their

default status. On September 19, 2014, the judge granted summary

judgment, which was unopposed.

 The judge said in that decision, "[d]efendants lack of concern

or attention to this matter is chronic and inexcusable. The

contentions set forth by [plaintiffs] are uncontradicted." A few

days later, on October 21, 2014, judgment was entered in the amount

of $179,461.49.

 On May 12, 2016, the same attorney who had previously

represented all the defendants in the proceedings, filed a motion

to vacate the judgment. Current counsel, retained by Tribhuvan,

filed a separate motion to set aside the judgment exclusively on

behalf of Mantrib. In the application, Tribhuvan alleged he had

no knowledge of any of the underlying transactions, or the legal

proceedings which resulted in entry of the judgment, and that he

learned about the judgment only when Mantrib sold its real estate

holdings and he was informed of a lien against the property. Some

 4 A-0308-16T4
$220,000 from sale proceeds remains in escrow because of the

disputed judgment. Both motions, filed by separate counsel, were

denied. This appeal is taken from the motion denial rendered on

Mantrib's application, not the order issued as to all defendants.

 Judge Polifroni began his decision by reference to R. 4:50-

1(f)'s requirement that a movant's circumstances be exceptional,

and enforcement of the judgment "unjust, oppressive, or

inequitable." He concluded such circumstances were not present

in the case.

 The judge noted that the motion for summary judgment was

granted on September 19, 2014. Because the two-year old judgment

entered by way of summary judgment, and not by way of default, the

application did not need to be viewed with "great liberality."

Defendants had at one time actually filed an answer, and were

granted the opportunity to reinstate their answer and participate

in the litigation. Almost by definition, that meant, contrary to

current counsel's arguments on behalf of Mantrib, that the

corporation could not assert any impropriety in service. There

was no legal basis for barring Patel from obligating the

corporation, or requiring plaintiffs to engage in some other steps

in order to acquire a valid lien against Mantrib's assets. That

Tribhuvan, the registered agent for Mantrib, was not served with

 5 A-0308-16T4
the complaint was not dispositive, since an answer was filed on

behalf of the corporation.

 With regard to Mantrib's argument that N.J.S.A. 14A:3-3,

which addresses relief from actions engaged in by "rogue

shareholders," required that the judgment be set aside, the judge

found the second section of the statute controlling. Although the

"rogue officer" protection embodied in the first section gave the

president of the corporation an additional basis to pursue the

vice-president, as between the corporation and a creditor, it

afforded Mantrib no relief. The judge opined that the intent of

the statute was to protect third-party creditors "who should not

be victimized by the actions of purportedly rogue shareholders

acting in their own self-interest." Since he found the judgment

issued properly, there were no exceptional circumstances which

warranted setting it aside. Enforcement would not be unjust,

oppressive or inequitable. Both motions to vacate were denied.

 On appeal, Mantrib contends that the judge exercised his

discretion inappropriately because the situation was exceptional;

an innocent party should not be forced to satisfy an unknown

judgment; service was defective; and N.J.S.A. 14A:3-3(1) was

intended to provide relief in these circumstances. Mantrib also

urges us to consider that had plaintiffs engaged in "due

diligence," they would have served Tribhuvan, Mantrib's registered

 6 A-0308-16T4
agent, and thereby given him notice in a timely fashion. Tribhuvan

would have been able to protect both the corporation, which

allegedly did not benefit from plaintiffs' work, as well as his

own interests. Finally, the corporation argues that Rule 4:50-

1(f) entitles Mantrib to relief in light of equitable

considerations.

 Our scope of review of a trial court's decision on a Rule

4:50-1(f) motion is limited. Such decisions are within the sound

discretion of the trial court, guided by principles of equity.

Hous. Auth. of Town of Morristown v. Little, 135 N.J. 274, 283

(1994)(citations omitted). We afford substantial deference to the

trial court's exercise of discretion, and do not disturb it unless

it represents a "clear abuse[.]" U.S. Bank Natl Ass'n v.

Guillaume, 209 N.J. 449, 467 (2012)(citations omitted).

 We do not find an abuse of discretion unless it can be

demonstrated that "the discretionary act was not premised upon

consideration of all relevant factors, was based upon

consideration of irrelevant or inappropriate factors, or amounts

to a clear error in judgment." Masone v. Levine, 382 N.J. Super.

181, 193 (App. Div. 2005)(citing Flagg v. Essex Cty. Prosecutor,

171 N.J. 561, 571 (2002)). With regard to Rule 4:50-1(f)

specifically, our Supreme Court has emphasized that the provision

applies "only when truly exceptional circumstances are present[,]"

 7 A-0308-16T4
Little, supra, 135 N.J. at 286 (internal quotation marks and

citation omitted), and when "such relief is necessary to achieve

a fair and just result." Manning Eng'g, Inc. v. Hudson Cty. Park

Comm'n, 74 N.J. 113, 122 (1977). No such abuse of discretion

occurred here.

 As the judge clearly explained in his decision, Mantrib had

not one, but two opportunities to timely defend the action. The

first arose when it filed the answer ultimately stricken for

failure to comply with discovery. The second arose when it was

granted time in which to reinstate an answer. Neither opportunity

was taken.

 Mantrib's argument that plaintiffs should have engaged in

some "due diligence" before undertaking work, lending money, or

filing suit lacks merit. Patel owned half the corporate stock and

was the Vice-President. Mantrib identifies no authority in support

of the assertion that plaintiffs should have done more than rely

on Patel's representations.

 The statutory argument is similarly without merit. As Judge

Polifroni correctly stated, the purpose of the statute is not to

cripple routine commerce because of disputes between shareholders,

but to enable them to sue a rogue shareholder while protecting

creditors.

 8 A-0308-16T4
 Additionally, the conduct of Mantrib's allegedly rogue

shareholder does not constitute exceptional circumstances that

provide a basis for relief from the judgment. N.J.S.A. 14A:3-3(2)

is designed and intended to protect creditors when it states in

the plainest of words: "Nothing in subsection 14A:3-3(1) shall

be deemed to diminish the rights, if any, of the corporation's

creditors." No exceptional circumstances which afford Tribhuvan

relief are created by the statute.

 Indeed, to find exceptional circumstances here would diminish

the rights of Mantrib's creditors. The dispute is between the

shareholders of the corporation, not as between a creditor and the

corporation.

 We will not disturb the trial court's findings that Mantrib

had sufficient opportunities to respond and defend, and chose not

to do so. The circumstances are not so exceptional and do not

warrant Rule 4:50-1(f) relief.

 Affirmed.

 9 A-0308-16T4